UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORIDA BUSINESS BROKERS
ASSOCIATION, INC. a Florida
nonprofit corporation,

    Plaintiff,

vs.          Case No. 2:09-cv-145-FtM-29SPC

DAVID WILLIAMS an individual; LARRY
SETTLE an individual; CIBB, INC. a
Florida corporation; JON D. JOHNSON
an individual; JOHNSON SERVICES.COM,
INC. a Florida corporation; FLORIDA
COASTAL BUSINESS BROKERS
ASSOCIATION, INC. a Florida
nonprofit corporation now known as
Florida Cooperation Business Brokers
Association, Inc.; RICHARD G. NAEDEL
an individual; RICHARD G. NAEDEL,
P.A. a Florida corporation now known
as Sage Commercial Properties &
Business Brokerage, Inc.; BRAD
WELBORN an individual; RICHARD GREEN
an individual,

    Defendants.
_____

**OPINION AND ORDER**

  This matter comes before the Court on plaintiff's Motion to Strike the Affirmative Defenses of FCBBA, Sage Commercial, Naedel, Welborn and Green (Doc. #41) filed on April 28, 2009; Motion to Strike the Affirmative Defenses of Williams, Settle, and Cibb, Inc. (Doc. #42) filed on April 30, 2009; and Motion to Strike the Affirmative Defenses of Johnson and Johnson Services.com, Inc.

(Doc. #55) filed on June 11, 2009. No responses were filed to the motions to strike and the time to respond has expired.

As a preliminary matter, plaintiff and defendants FCBBA, Sage Commercial, Naedel, Welborn and Green agreed that an amended pleading could be filed to address the issues raised in the motion to strike. (See Doc. #44.) As a result, defendants FCBBA, Sage Commercial, Naedel, Welborn and Green filed an Amended Answer and Affirmative Defenses (Doc. #49). The Court notes that defendants Williams, Settle, and Cibb, Inc. also filed an Amended Answer and Affirmative Defenses (Doc. #52). Therefore, the motions to strike will be denied as moot with regard to these defendants.

Plaintiff seeks to strike the defenses enumerated in the defendant Jon D. Johnson and Johnson Services.com, Inc.'s Answer and Affirmative Defenses (Doc. #50) filed on May 22, 2009. Plaintiff argues that the first 5 defenses are conclusory, and the last defense is a reservation of rights to bring additional defenses and therefore not a real affirmative defense.

The Complaint (Doc. #1) was brought pursuant to the Lanham Trad-Mark Act (15 U.S.C. § 1125(a)), Anticybersquatting Consumer Protection Act (ACPA)(15 U.S.C. § 1125(d)), and Federal Trademark Dilution Act (15 U.S.C. § 1125(c)). See also Trademark Dilution Revision Act of 2006, amending 15 U.S.C. §§ 15 U.S.C. 1052, 1063, 1092, 1125, 1127. Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-6 (2007). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." <u>Wright v. Southland Corp.</u>, 187 F.3d 1287, 1303 (11th Cir. 1999). Under F<small>ED</small>. R. C<small>IV</small>. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The First, Second and Third Affirmative Defenses are simple denials of allegations in the Complaint, and as such are not affirmative defenses. The Fourth and Fifth Affirmative Defenses are proper affirmative defense, but set forth no facts which would suggest plausibility. The Sixth Affirmative Defense is not an affirmative defense at all, and cannot contravene the Case Management and Scheduling Order and F<small>ED</small>. R. C<small>IV</small>. P. 15.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Strike the Affirmative Defenses of FCBBA, Sage Commercial, Naedel, Welborn and Green (Doc. #41) is **DENIED** as moot.

2. Plaintiff's Motion to Strike the Affirmative Defenses of Williams, Settle, and Cibb, Inc. (Doc. #42) is **DENIED** as moot.

3. Plaintiff's Motion to Strike the Affirmative Defenses of Johnson and Johnson Services.com, Inc. (Doc. #55) is **GRANTED**. As to those paragraphs which can be affirmative defenses, defendants are granted leave to file amended affirmative defenses within **TEN (10) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of September, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record