```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

FLORIDA BUSINESS BROKERS
ASSOCIATION, INC. a Florida
nonprofit corporation,

                Plaintiff,

vs.                            Case No. 2:09-cv-145-FtM-29SPC

DAVID WILLIAMS an individual; LARRY
SETTLE an individual; CIBB, INC. a
Florida corporation; JON D. JOHNSON
an individual; JOHNSON SERVICES.COM,
INC. a Florida corporation; FLORIDA
COASTAL BUSINESS BROKERS
ASSOCIATION, INC. a Florida
nonprofit corporation now known as
Florida Cooperation Business Brokers
Association, Inc.; RICHARD G. NAEDEL
an individual; RICHARD G. NAEDEL,
P.A. a Florida corporation now known
as Sage Commercial Properties &
Business Brokerage, Inc.; BRAD
WELBORN an individual; RICHARD GREEN
an individual,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of the following pending matters: (1) Plaintiff's Motion for Continuance of All Deadlines Contained in the Case Management and Scheduling Order (Doc. #67), to which defendants John D. Johnson and Johnson Services.com, Inc. filed a Memorandum in Opposition of Extending Deadlines (Doc. #68); (2) Defendants John D. Johnson and Johnson Services.com, Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. #69) and supporting Memorandum of Points and Authorities

(Doc. #70); and (3) Plaintiff's Motion to Voluntarily Dismiss Case without Prejudice (Doc. #72) and Corrected Motion to Voluntarily Dismiss Case without Prejudice (Doc. #73). Defendants filed a Memorandum in Opposition of Plaintiff's Motion to Dismiss Without Prejudice (Doc. #76).

## I.

On December 5, 2008, plaintiff Florida Business Brokers Association, Inc. (plaintiff or Florida Business) filed a Complaint (Doc. #1) against David Williams (Williams), Larry Settle (Settle), CIBB, Inc. (CIBB), John D. Johnson (Johnson), Johnson Services.com, Inc. (Johnson Services), Florida Coastal Business Brokers Association n/k/a Florida Cooperating Business Brokers Association, Inc. (Florida Coastal Business), Richard G. Naedel (Naedel), Richard G. Naedel, P.A. (Naedel Association), Brad Welborn (Welborn), and Richard Green (Green). In Count I, plaintiff alleges unfair competition and false designation of origin under the Lanham Act; in Count II, plaintiff alleges a violation of the Anticybersquatting Consumer Protection Act; in Count III, plaintiff alleges a violation of the Federal Trademark Dilution Act; and in Count IV, plaintiff alleges an additional violation of the Federal Trademark Dilution Act.

On March 5, 2009, the case was transferred from Orlando to the Fort Myers Division. (Doc. #30.) A Case Management Report (Doc. #40) was filed on April 13, 2009, and on May 11, 2009, a Case Management and Scheduling Order (Doc. #48) was issued. On May 22,

2009, defendants Johnson and Johnson Services filed an Answer and Affirmative Defenses (Doc. #50) denying most of the allegations in the Complaint. On September 17, 2009, the Court issued an Opinion and Order (Doc. #58) granting plaintiff's Motion to Strike and granting leave to file amended affirmative defenses. No amended affirmative defenses were filed. All defendants have now settled with plaintiff except defendants Johnson and Johnson Services (Doc. #66.)

**II.**

**A. Motion to Continue Deadlines:**

Plaintiff seeks to continue all of the deadlines in the Case Management and Scheduling Order because it was "financially unable to prosecute this case" until settlement with some of the defendants. The motion to continue all deadlines was filed on March 31, 2010, after the expiration of most of the deadlines, i.e., discovery, to amend pleadings, file dispositive motions, and conduct mediation. (See Doc. #48.) No previous requests to extend the deadlines were filed, and neither plaintiff or defendants John D. Johnson and Johnson Services.com, Inc. (defendants) have conducted any discovery beyond mandatory initial disclosures.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Middle District of Florida Local Rule 3.09(b), "[f]ailure to complete discovery procedures within the time established pursuant to Rule 3.05 of

these rules shall not constitute cause for continuance unless such failure or inability is brought to the attention of the Court at least sixty (60) days in advance of any scheduled trial date and is not the result of lack of diligence in pursuing such discovery." Plaintiff was the master of its Complaint and the timing of the filing. The Court finds good cause has not been established for failing to comply with the Court's scheduling order, which tracked the dates requested by the parties. The motion is therefore denied.

**B. Dismiss for Failure to Prosecute:**

Defendants seeks to dismiss for failure to prosecute. Apparently, defendants also have not engaged in discovery or otherwise complied with the Court's scheduling order. Defendants also belatedly attempt to argue that the Complaint fails to state claims upon which relief may be granted, but such a motion is untimely. Defendants filed an Answer, and did not themselves pursue discovery for their own benefit. Therefore, the parties are equally unprepared to proceed to trial. The Court finds no basis to dismiss for failure to prosecute.

**C. Voluntary Dismissal:**

Plaintiff seeks to voluntarily dismiss the Complaint without prejudice, but defendants object. Plaintiff has an absolute right to a voluntary dismissal <u>before</u> an Answer or Motion for Summary Judgment is filed. <u>See</u> FED. R. CIV. P. 41(a)(1)(A)(i); <u>Matthews v.</u>

Gaither, 902 F.2d 877, 880 (11th Cir. 1990)(collecting cases). Otherwise, a stipulation of dismissal is required, FED. R. CIV. P. 41(a)(1)(A)(ii), or a dismissal by the Court on terms that it considers proper, FED. R. CIV. P. 41(a)(2).

Defendants object to the request to dismiss without prejudice, asserting that the suit is meritless and was used as a bullying tactic to compel settlement. Defendants argue that dismissal should be with prejudice, or the motion should be denied and the case allowed to proceed to trial, or if granted without prejudice, the dismissal should be subject to the payment of reasonable attorney's fees. On April 5, 2010, defendants filed a Notice Pursuant to Florida Statute § 57.105 (Doc. #71) serving notice on plaintiff that the Complaint was unsupported by law or facts and that it should be dismissed with prejudice within 21 days. This case arises entirely under federal law, and defendants never asserted that the Complaint was frivolous by way of motion to dismiss. The Notice will be stricken.

Upon review of all the filings, the Court finds that the voluntary dismissal should be granted, and that the dismissal should be without prejudice. Although the Court declines to impose attorney's fees as a term or condition of dismissal, the Court will dismiss the case subject to FED. R. CIV. P. 41(d).[1]

---

[1]Under Federal Rule of Civil Procedure 41(d),

If a plaintiff who previously dismissed an action in any
(continued...)

Accordingly, it is now

**ORDERED:**

1. Defendants John D. Johnson and Johnson Services.com, Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. #69) is **DENIED**.

2. Plaintiff's Motion to Voluntarily Dismiss Case without Prejudice (Doc. #72) is **DENIED** as moot.

3. Plaintiff's Corrected Motion to Voluntarily Dismiss Case without Prejudice (Doc. #73) is **GRANTED**, subject to the following condition: If plaintiff files an action in any court based on, or including, the same claim or claims against defendants John D. Johnson and Johnson Services.com, Inc., plaintiff shall pay all of the costs of that previous action as they relate to defendants John D. Johnson and Johnson Services.com, Inc. The Clerk shall enter judgment accordingly.

4. Plaintiff's Motion for Continuance of All Deadlines Contained in the Case Management and Scheduling Order (Doc. #67) is **DENIED**.

---

[1](...continued)
court files an action based on or including the same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

5.  Defendants' Notice Pursuant to Florida Statute § 57.105 (Doc. #71) is **STRICKEN.**

6.  The Clerk is further directed to enter judgment dismissing the remaining defendants with prejudice pursuant to the February 18, 2010 Order (Doc. #65) as to defendants David Williams, Larry Settle, and CIBB, Inc., and pursuant to the Mediation Report (Doc. #66) as to defendants Florida Coastal Business Brokers Association, Inc., Richard G. Naedel, Richard G. Naedel, P.A., Brad Welborn, and Richard Green.

7.  The Clerk shall terminate all remaining motions and deadlines, including the May 24, 2010 Final Pretrial Conference, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of April, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record